ARTHUR J. NEU, PLAINTIFF-RESPONDENT, v. WILLIAM O. ROGGE, DEFENDANT-APPELLANT.

Submitted March 22, 1915—Decided October 15, 1915.

By the first section of an act entitled "Supplement to an act entitled 'An act concerning proceedings on bonds and mortgages given for the same indebtedness, and the foreclosure and sale of the mortgaged premises thereunder,' approved March 12th, 1880," which supplement was approved May 28th, 1907 (*Comp. Stat., p.* 3423), it was provided that no judgment shall be entered by

confession on any bond where a mortgage has or may hereafter be given for the same debt or in any action on said bond unless prior to the entry of such judgment, if the same shall be by confession, or prior to the beginning of such action, if the proceeding be by action, there shall be filed in the office of the county clerk or register of deeds in which the lands described in the mortgage given with such bond are situate, a written notice of the proposed judgment or action, &c. Plaintiff below sued the defendant to recover a deficiency on defendant's bond after the foreclosure of the mortgage given to secure the same, and after judgment by default had been entered the Supreme Court set aside the same, and ordered the summons and complaint might stand and that the plaintiff might within twenty days file the statutory notice referred to, *nunc pro tunc*, and the plaintiff accordingly gave and filed the statutory notice, and defendant having failed to appear or answer within the twenty days allowed by the court, judgment by default was entered against him. *Held*, that the act cited expressly forbids the entry of a judgment in a case like the present, unless a *lis pendens* was filed prior to the beginning of the action, and that a judgment entered without such notice first being filed is invalid.

On appeal from the Supreme Court.

For the plaintiff-respondent, *Lum, Tamblyn & Colyer*.

For the defendant-appellant, *George E. Clymer*.

The opinion of the court was delivered by

KALISCH, J. The respondent, plaintiff below, sued the appellant, defendant below, to recover a deficiency of $17,989.10, on defendant's bond after a foreclosure of the mortgage which was given to secure the bond.

The foreclosure sale took place on February 11th, 1913.

On the 15th of July, 1913, the summons was issued and on the 25th day of July, 1913, the summons and complaint were served personally upon the defendant, the complaint bearing the statutory endorsement of the ten days' notice, and requiring an affidavit of merits, &c.

The defendant having defaulted in filing an affidavit of merits, the plaintiff, on the 12th day of August, 1913, entered judgment for the amount sued for, with interest.

The defendant applied to the Supreme Court for a rule to show cause why the judgment should not be set aside, and in that proceeding it appeared that the plaintiff did not, prior to the beginning of his action, file the required statutory notice in the office of the register of deeds for Essex county, the county in which the land described in the mortgage is situate, as is required in such cases, by an act entitled "Supplement to an act entitled 'An act concerning proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder,' approved March 12th, 1880," which supplement was approved May 28th, 1907. *Pamph. L.* 1907, *p.* 563; 3 *Comp. Stat., p.* 3423.

The Supreme Court set aside the judgment and ordered that the complaint and summons may stand and that the plaintiff may within twenty days file the statutory notice *nunc pro tunc,* if no intervening rights have been acquired by parties who were entitled to such notice.

The plaintiff, in compliance with the order on the 26th day of March, 1914, gave and filed the statutory notice and the defendant having failed to appear or answer within the twenty days allowed him by the court for that purpose, the plaintiff, on the 16th day of April, 1914, entered a judgment by default against him.

For the appellant it is contended that the action of the Supreme Court in permitting the plaintiff to file the statutory notice *nunc pro tunc* is erroneous, and that the judgment entered against the defendant is null and void, having been entered in direct violation of the statute above referred to.

Section 1 of the statute invoked by the appellant, provides: "No judgment shall be entered by confession on any bond where a mortgage has or may hereafter be given for the same debt or in any action on said bond unless prior to the entry of such judgment, if the same shall be by confession, or prior to the beginning of such action, if the proceeding be by action, there shall be filed in the office of the clerk of Common Pleas, except in counties where there is a register of deeds and mortgages then in the office of the register of deeds and mortgages of the county in which the lands described in the

mortgage given with such bonds are situate, a written notice of the proposed judgment, or action, setting forth the court in which it is proposed to enter such judgment, or begin such action, the names of the parties to such bond and to such judgment or action, the book and page of the record of said mortgage, together with a description of the land or real estate described therein."

On behalf of the respondent it is urged that the act applies only to judgments by confession.

The argument made to support this assertion is that the legislature had in view only two methods of legal procedure by which a judgment by confession may be entered, one being by bond, with warrant of attorney, and the other, after action is begun, by cognovit, &c., and that, therefore, in using the term "in any action on said bond," the legislature intended to limit the application of the statute to an action wherein judgment is subsequently confessed.

The avowed purpose and spirit of the act are clearly opposed to any such construction.

A complete refutation of the theory advanced by counsel as to the legislative intent will be found in that part of the section of the act above quoted, which prescribes that there shall be a written notice of the proposed judgment or action setting forth the court in which it is proposed to enter such judgment or begin such action.

That the legislature clearly had in view the difference between judgments by confession and an action at law commenced in the ordinary way, is supported by the fact that it recognized that a judgment by confession is a single proceeding and only becomes a matter of record when the bond and warrant of attorney are filed and judgment entered thereon, and therefore it prudently provided that written notice must be given prior to the entry of such judgment, but if such judgment is sought to be obtained in the ordinary way, by an action at law, then the notice must be given before the action is begun.

When the object which the legislature had in view in providing for a *lis pendens* in such cases is considered, it at

once becomes obvious that no sound reason can exist for distinguishing between an action at law wherein judgment is subsequently confessed and where such action proceeds by normal processes to judgment. In either case the statute contemplates that the *lis pendens* shall be filed prior to the beginning of the action, whereas in a case where judgment is to be confessed, the *lis pendens* is required to be filed prior to the entry of the judgment for the very obvious reason that the nature of a confessed judgment, by bond and warrant of attorney, admits of no other course.

The clear legislative intent was, by a public record, to make secure the title to a purchaser of mortgaged lands which had been foreclosed and failed to realize, on sale thereof, the amount secured by the bond and mortgage, and which were subject to redemption by the person within six months after the entry of judgment against him for the deficiency on the bond.

By section 3 of the act of 1880 (*Pamph. L.* 1880, *p.* 256; 3 *Comp. Stat., p.* 3422, § 49), to which the act under consideration is a supplement, it is provided, "That if after the foreclosure of and sale of any mortgaged premises, the person who is entitled to the debt shall recover a judgment in a suit on said bond for any balance of debt, such recovery shall open the foreclosure and sale of said premises, and the person against whom the judgment has been recovered may redeem the property by paying the full amount of which the decree was rendered, with interest to be computed, &c., provided that a suit for redemption is brought within six months after the entry of such judgment for the balance of the debt."

Thus it appears that upon the entry of judgment for the deficiency on the bond such judgment automatically voids the foreclosure and sale and gives the judgment debtor the opportunity to redeem by paying in full the amount for which the decree was rendered, &c., provided he brings suit for redemption within six months after the entry of such judgment against him.

Such a situation made the titles to mortgaged lands purchased under foreclosure sales uncertain and precarious.

For under the act of 1880 there was nothing to prevent an action from being commenced and a judgment entered in any one of the counties of this state or in a foreign jurisdiction and hence a prospective purchaser might find nothing on record affecting the property in the county where it is situate, and thus such purchaser, though he exercised the greatest diligence and caution, might be led into the purchase of a defeasible title.

And this is the main evil which the act of 1907 intended to remedy.

But counsel for the respondent further urges that since no prospective purchaser is affected by the judgment in this case and the appellant does not deny the debt that, therefore, the appellant suffers no wrong of which he can complain.

We think a defendant not only suffers a wrong but the public also when a judgment is entered against a defendant contrary to the express mandate of the legislature. The legislature expressly forbids the entry of a judgment, in a case like the present, unless a *lis pendens* was filed prior to the bringing of the action. The statute is mandatory in this respect. As has been pointed out, it declares a public policy for the conservation and protection of the public records relating to the title to lands.

It is obvious that any departure from the requirement of the statute that a *lis pendens* shall be filed prior to the beginning of an action, will tend to defeat the very object of the act.

If in a case where judgment is entered by default, the failure to file such statutory notice prior to the beginning of the action may be remedied by a judicial order *nunc pro tunc,* after the action has been begun, then there is no good reason why it may not be done in every case where the judgment is by default under the same circumstances.

We are unable to find any legal justification for ignoring the statutory declaration that the notice must be filed prior to the beginning of the action in order to enter a valid judgment. An order *nunc pro tunc,* to file such notice after the

beginning of the action and before the entry of the judgment, in face of the statute, must fail of its purpose.

The statute being mandatory the Supreme Court was without power to make an order *nunc pro tunc* after the plaintiff had begun his action to remedy the omission, and thereby to permit the plaintiff to file the statutory notice as if in conformity with the statutory requirement.

The plaintiff's only proper course was to discontinue his action and start anew, after having first filed the notice.

The fact that the defendant filed no answer to the plaintiff's action and remained silent until judgment was obtained in each instance is of no material consequence. There was no legal duty resting on the defendant to answer the plaintiff's action. In the present case, at any rate, he was not bound to take heed of the plaintiff's action which was clearly in defiance of the statutory requirement. The defendant could permit judgment to go against him by default without waiving any of his legal rights. His silence cannot be construed into an acquiescence in the regularity of the plaintiff's action any more than it could as a silent protest against it. But the acquiescence of the defendant cannot avail the plaintiff.

The legislative policy appears to be, that the entry of such a judgment, without filing the statutory notice, cannot be made even though the defendant consents to such entry. This is expressly made manifest by the requirement relating to the filing of the statutory notice where judgment is to be confessed. A judgment entered without such notice first filed is nugatory.

The judgment of the Supreme Court will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, HEPPENHEIMER, WILLIAMS, JJ. 10.