MARY APFELBERG, Appellant, *v.* ANNIE LAX, as Executrix of HARRY LAX, Deceased, et al., Respondents.

(Submitted January 8, 1931; decided February 10, 1931.)

*Abraham Rotwein* and *Marvin Leibowitz* for appellant. The pleadings raise issues of fact and hence judgment on the pleadings cannot be granted. (*Electro-Tint Engraving Co.* v. *American Handkerchief Co.*, 130 App. Div. 561; *Strodl* v. *Farrish-Strafford Co.*, 145 App. Div. 406; *Wolski* v. *Booth & Flinn*, 93 Misc. Rep. 651; *Fish* v. *Delaware, L. & W. R. R. Co.*, 158 App. Div. 92; *Fidelity & Casualty Co.* v. *Wells*, 49 App. Div. 171; *Hanna* v. *Lichtenhein*, 225 N. Y. 579; *Van Tassell* v. *Manhattan Electrical Supply Co.*, 83 Misc. Rep. 126; *Kirschbaum* v. *Eschmann*, 205 N. Y. 127; *Harley* v. *Plant*, 210 N. Y. 405.) The New Jersey statute set up in defendants' answer is purely remedial and procedural and has no extraterritorial effect. (*Scudder* v. *Union Nat. Bank*, 91 U. S. 406; *Pritchard* v. *Norton*, 106 U. S. 134; *Downer* v. *Chesebrough*, 36 Conn. 39; *Conn. Valley* v. *Maine R. R. Co.*, 78 N. H. 553; *Hinckly* v. *Freich*, 86 N. J. L. 281; *Reiley* v. *Steinhardt*, 217 N. Y. 549; *New York Life Ins. Co.* v. *Aitkin*, 125 N. Y. 660; Story on Conflict of Laws [8th ed.], § 358; *Marshal* v. *Sherman*, 148 N. Y. 9; *Knickerbocker Trust Co.* v. *Iselin*, 185 N. Y. 54; *Purvis* v. *Purvis*, 167 App. Div. 717; *Neu* v. *Rogge*, 88 N. J. L. 335; *Callan* v. *Bodine*, 81 N. J. L. 240; *Maxwell* v. *Ricks*, 294 Fed. Rep. 255.)

*Edward D. Newman* and *Platt K. Wiggins* for respondents. The denial by the plaintiff in her reply of any knowledge or information sufficient to form a belief as to the provisions of the public laws of the State of New Jersey is insufficient in law. (*Olsen* v. *Singer Mfg. Co.*, 143 App. Div. 142; *Koczenasz* v. *Lehigh Portland Cement Co.*, 182 App. Div. 287; *Kirschbaum* v. *Eschmann*, 205 N. Y. 127; *Schnibbe* v. *Gleny*, 245 N. Y. 388; *Dahlstrom* v. *Gemunder*, 198 N. Y. 449; *Van Tassell* v. *Manhattan Electric Supply Co.*, 83 Misc. Rep. 126; *Weyand* v. *Park*

*Terrace Co.*, 202 N. Y. 231.) The law of the State of New Jersey set forth in the defendants' answers is applicable to the contract in suit. (*Stumpf* v. *Hallahan*, 101 App. Div. 383; 185 N. Y. 550; *Hutchinson* v. *Ward*, 192 N. Y. 375; *Smith* v. *Compania*, 127 Misc. Rep. 508; 220 App. Div. 782; *Richardson* v. *Draper*, 23 Hun, 188; *Westchester Mortgage Co.* v. *Grand Rapids & I. R. Co.*, 246 N. Y. 194; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Harnickell* v. *Omaha Water Co.*, 146 App. Div. 693; 208 N. Y. 520; *De Clow* v. *Haverkamp*, 198 App. Div. 83; *Pennsylvania Steel Co.* v. *Title Guaranty & Trust Co.*, 193 N. Y. 37; *Eastman* v. *Horne*, 205 N. Y. 486; *Livingston* v. *Spero*, 18 Misc. Rep. 243; *Thompson* v. *Lakewood City Development Co.*, 105 Misc. Rep. 680; *Weyand* v. *Park Terrace Co.*, 202 N. Y. 231.) The plaintiff cannot maintain this action because she failed to file a notice of intention to commence this action, as required by the statutes of the State of New Jersey. ( *Neu* v. *Rogge*, 88 N. J. L. 335; *Eckel* v. *Brehm*, 103 Atl. Rep. 187; *The Harrisburg*, 119 U. S. 199; *Davis* v. *Mills*, 194 U. S. 451.)

CRANE, J. Harry Lax, deceased, and the other individual defendants executed and delivered to the plaintiff's assignor a bond in the penal sum of $29,000, secured by a mortgage on real property in the city of Paterson, State of New Jersey. The mortgage was foreclosed, leaving a deficiency due upon the bond. Action at law has been brought in this State on the bond to collect this balance from the obligors. The appeal is on the pleadings.

The answers set up as a defense the New Jersey law, which provides as follows:

" Sec. 2. That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest

and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issue only for the balance of the debt and costs of suit. (P. L. 1880, p. 225, as amended P. L. 1881, p. 184.) " And another provision, which is:

" Sec. 1. No judgment shall be entered by confession on any bond where a mortgage has or may hereafter be given for the same debt or in any action on said bond unless prior to the entry of such judgment, if the same shall be by confession, or prior to the beginning of such action, if the proceeding be by action, there shall be filed in the office of the Clerk of Common Pleas, except in counties where there is a Register of Deeds and Mortgages, then in the office of the Register of Deeds and Mortgages of the County in which the lands described in the mortgage given with such bonds are situate, a written notice of the proposed judgment or action setting forth the court in which it is proposed to enter said judgment or begin such action, the names of the parties to such bond and to such judgment or action, the books and page of the record of the said mortgage, together with a description of the lands or real estate described therein. (P. L. 1907, p. 563.) "

This court held in *Hutchinson* v. *Ward* (192 N. Y. 375) that while an action could be brought in the courts of this State upon the bond after foreclosure in New Jersey, the suit must be commenced within the six months from the date of the sale of the mortgaged premises; that the New Jersey statute affected the cause of action and not the remedy. The answers allege that this action was not commenced by the plaintiff within six months, as required. In her reply the plaintiff denies that the action was not commenced within the time limit. As the summons is not printed in the case, we

find nothing to inform the court when the action was commenced. Here, therefore, we have an issue which must be tried. If the action was not commenced within the six months it cannot be maintained. A motion for judgment on the pleadings would have been proper, if it appeared by the summons itself or by any uncontradicted affidavit that the statute was in fact a bar. As it is, we have not the summons and the courts have not had before them any affidavit showing the date when the action was commenced.

That part of the New Jersey law which requires the filing, in the office of the clerk of Common Pleas, of a written notice of the action upon the bond has also been denied by the plaintiff's reply. Foreign law is generally a fact which must be proved. We have here a statement of that law in the answer, and a denial of it in the reply. The pleadings in this particular make an issue of fact. It may be that occasionally the law of another State may be established on a motion for judgment on the pleadings, when there is and can be no dispute as to its existence at the time of the transaction. The court, however, on this motion had only the pleadings before it.

By paragraph " 4 " of the reply, the plaintiff admits that she did not file the notice referred to in the answers. The Appellate Division, in its memorandum decision, considered this admission fatal. Even if we assume that the New Jersey statute is correctly pleaded in the answers, we are of the opinion that the filing of the notice is a part of the remedy peculiarly adaptable to actions commenced in the State of New Jersey, and having no extension to the courts in New York State. The notice is to be filed with the clerk of Common Pleas in the county where the mortgaged property is located. It must state the court in which it is proposed to enter the judgment or bring the action, the names of the parties to the bond, together with a description of the mortgaged lands. Holding as we do, that an action upon this

transitory instrument, the bond, cannot be brought in this State except for the deficiency after a foreclosure sale, and within six months of that sale in accordance with the statute, we think that we have annexed to the cause of action all those incidents intended to affect the right of recovery, and that the provision relating to the notice of action applies to the courts in New Jersey, and not to the relief sought outside that State. The requirement that the notice shall state the court in which the judgment is to be confessed, or the action brought, indicates that the courts of the State of New Jersey were alone referred to; otherwise, there would have been some reference to naming the State also in which the action was to be brought.

The motion for judgment on the pleadings was properly denied by the Special Term, so that the judgments of the Appellate Division should be reversed, and the orders of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Judgment accordingly.