LOUIS CSIPO, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. MARY NAGY AND ANDREW NAGY, WIFE AND HUS-BAND, DEFENDANTS-RESPONDENTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellant, *Abram Wolpin* (*Jacob H. Bernstein*, of counsel).

For the respondent, *Smith & Schwartz* (*Joseph B. Schwartz*, of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The appellant, Louis Csipo, Incorporated, appeals from an order made by the judge of the Middlesex County Circuit Court vacating a judgment which had been entered by default in its favor. The action involved a suit for a deficiency on a mortgage bond in the sum of $4,000. It appears that the suit was first started on June 27th, 1932, that being the teste date on the summons.

On June 29th, 1932, two days later than the date in the summons, the plaintiff filed a *lis pendens* and notice of in-

tention to sue for deficiency with the clerk of Middlesex county, and on July 28th, 1932, an amended *lis pendens* was filed. Now the sale of the property under foreclosure did not occur until June 29th, 1932, so that the suit on the bond was premature. The defendants filed an affidavit of merits and an answer. Plaintiff moved to strike out the answer which, on September 2d, 1932, was denied by the court. Leave was then sought to amend the date in the summons to read June 30th, 1932, instead of June 27th, 1932, and the motion to strike out the answer was renewed.

On September 30th, 1932, the court denied plaintiff's motion to amend the date in the summons, and again denied plaintiff's motion to strike out the answer whereupon, on October 7th, 1932, there was filed in the office of the clerk of the county a notice signed by plaintiff's attorney discontinuing the suit.

On October 3d, 1932, a new suit was started for this deficiency of $4,000; summons and complaint served October 6th, 1932, and filed October 13th, 1932. Now on the date that the discontinuance was received, namely, October 7th, 1932, the county clerk discharged the *lis pendens* which was recorded on June 29th, 1932, and also the *lis pendens* which was recorded on July 28th, 1932. No new *lis pendens* was filed prior to the second suit. The defendant filed no answer to this second suit and the plaintiff on October 17th, 1932, entered judgment by default.

Thereafter and on January 4th, 1933, the defendant, on petition to the Circuit Court, obtained a rule to show cause why the judgment should not be vacated and discharged of record. The court, after hearing the parties, signed an order reciting that the judgment had been improvidently entered and that it was null and void because no *lis pendens* was filed or recorded in the office of the clerk, prior to the beginning of the action nor at the time judgment was entered, and from this finding the appellant appeals on seven grounds only two of which are argued. We will consider the rest as having been abandoned. *Sargeant Bros.* v. *Brancati*, 107 *N. J. L.* 84.

The grounds argued are: First, that the judgment in question was properly entered in compliance with the statute and that the court erred in vacating same; secondly, the action of the clerk in discharging the *lis pendens* was unauthorized.

These two grounds will be considered together. The statute relative to notice in suits of this character, known as "supplement to an act entitled, 'An act concerning proceedings on bonds and mortgages, given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder.'" Approved March 12th, 1880 (3 *Comp. Stat., p.* 3423; *Pamph. L.* 1907, *p.* 563), provides as follows:

"No judgment shall be entered by confession on any bond where a mortgage has or may hereafter be given for the same debt or in any action on said bond unless prior to the entry of such judgment, if the same shall be by confession, or prior to the beginning of such action, if the proceeding be by action, there shall be filed in office of the clerk of Common Pleas, except in counties where there is a register of deeds and mortgages, then in the office of the register of deeds and mortgages of the county in which the land described in the mortgage given with such bonds are situate, a written notice of the proposed judgment or action setting forth the court in which it is proposed to enter such judgment or begin such action, the names of the parties to such bond and to such judgment or action, the book and page of record of the said mortgage, together with a description of the lands or real estate described therein."

Now this suit, being the customary action on bond for deficiency, required, as a condition precedent to the prosecution of that suit, that a *lis pendens* be on file. *Neu* v. *Rogge,* 88 *N. J. L.* 335. Manifestly, the first *lis pendens,* which was recorded June 29th, 1932, was ineffectual for the reason that it was filed subsequent to the commencement of suit, the suit having been commenced on June 27th, 1932. The second *lis pendens,* recorded July 28th, 1932, is, of course, subject to the same criticism and likewise is ineffectual. It cannot be maintained that the second *lis pendens,* filed July 28th,

1932, was filed in anticipation of the second suit because the court had before it the motions to strike the answer in the first suit which were not disposed of until September 30th, 1932.

Both these *lis pendens* were discharged by the clerk of the court on October 7th, 1932, upon receipt by him of the notice to discontinue, which is as follows: "This is to notify you that you are to discontinue a suit (the suit in question) instituted in your court, summons of which was served upon the defendants * * * and for so doing, this shall be your sufficient warrant and authority," which was signed by the plaintiff's attorney.

It follows, therefore, that if the clerk, properly and with legal sanction, discharged both *lis pendens,* the court below was right in vacating the judgment and his determination, so found, is proper and cannot be disturbed.

When a suit at law is discontinued everything connected therewith falls by the discontinuance and the pleadings and proceedings that have been filed, of course, have no substance or efficacy. The suit itself having been discontinued, it follows that the *lis pendens,* the recording of which prior to the suit is necessary in order to make any judgment thereon valid, also fails.

The question remaining is whether the clerk was warranted in discharging the *lis pendens* notices. The statute dealing with this procedure is *Pamph. L.* 1929, *ch.* 11, *p.* 28, which provides as follows:

"When any decree or judgment made in any suit, of the pending of which notice shall have been or shall be filed, as provided in this act, shall have been paid, satisfied or performed, or when pending such suit the matters in difference shall be or shall have been settled by the parties, or such suit shall have been or shall be abandoned by the plaintiff or complainant therein, a statement of such payment, performance, satisfaction, settlement or abandonment of such suit may be entered by the attorney or solicitor of the party who filed such notice, or by the said clerk or register upon his receiving and filing a warrant for the purpose, executed by said party or

his attorney or solicitor in the manner provided by law for the execution of warrants to satisfy judgments, or in case the attorney or solicitor be deceased or has removed from the State of New Jersey, and the complainant or plaintiff be deceased or cannot be found, the court having jurisdiction of such suit, upon being satisfied of the fact of such payment, performance, satisfaction, settlement or abandonment, and upon such notice as the court may, by its order, direct to be given, may order the land and real estate affected by said suit and described in said notice of *lis pendens* to be discharged of all claims or equities, set up in the declaration or bill of complaint in said suit, upon the original or certified copy of such order being filed with said clerk or register, who shall thereupon note in the margin of the record of such notice or *lis pendens* the discharge thereof by such warrant or order, whereupon the land and real estate affected by said suit and described in said notice of *lis pendens* shall be discharged of all claims or equities set up in the declaration or bill of complaint in said suit, and the same fees shall be paid for services rendered under this section as are allowed in the Supreme Court upon satisfaction of a judgment therein."

This statute is complete authority for the action of the clerk in discharging the *lis pendens*.

The order appealed from is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.