## THE WORKINGMEN'S BUILDING AND LOAN ASSOCIATION OF THE CITY OF NEWARK v. THERESE HUNGER AND RICHARD HUNGER, HER HUSBAND.

Decided November 7, 1934.

For the defendants, *Ernest F. Masini.*

For the plaintiff, *Lowy & Lowy* (by *Herman Waldman*).

SMITH, C. C. J. (Orally.) This is a motion to strike the complaint. The basis of the motion is that the plaintiff does not allege in its complaint a compliance with the statute requiring the filing of a *lis pendens* prior to the institution of suit.

The provisions of section 51 of the *act on mortgages,* providing for the filing of *lis pendens* prior to commencing action on the bond for deficiency, in my opinion cannot be waived by the defendant, as the plaintiff in this action contends was done.

Where a *lis pendens* has been actually filed in the proper time and the complaint fails to aver filing of notice, the complaint may be amended, it seems to me, to aver such filing, provided, of course, it has been filed. I do not believe that a *lis pendens* can now be filed to amend the defect in this complaint, although it may be that such can be done, because it may be that the failure to allege such filing does not render the complaint defective as stating no cause for action. The question is whether the plaintiff has failed to comply with the statutory condition, and not whether he has pleaded such compliance. It is for the defendants to set up such

non-compliance. *South Broad Building and Loan Association* v. *Brunetto,* 112 *N. J. L.* 79; 169 *Atl. Rep.* 870.

While this case considers the matter as an affirmative defense, it does not upset the rulings of previous cases that the filing of the notice is essential.

This statutory provision must be strictly complied with, and the filing of the notice of *lis pendens* after the institution of an action is ineffectual. This is so, even in the face of an order permitting the filing of such notice *nunc pro tunc.* Such order is invalid. *Louis Csipo, Inc.,* v. *Nagy (Court of Errors and Appeals),* 111 *N. J. L.* 469; 168 *Atl. Rep.* 610; *Mutual Savings Fund Harmonia* v. *Gunne (Court of Errors and Appeals),* 110 *N. J. L.* 41; 164 *Atl. Rep.* 43.

Now, in the case of *Neu* v. *Rogge,* 88 *N. J. L.* 335; 95 *Atl. Rep.* 632, there is this statement: "The clear legislative intent was, by a public record, to make secure the title to a purchaser of mortgaged lands which had been foreclosed and failed to realize, on sale thereof, the amount secured by the bond and mortgage, and which were subject to redemption by the person within six months after the entry of judgment against him for the deficiency on the bond.

"Thus it appears that upon the entry of judgment for the deficiency on the bond such judgment automatically voids the foreclosure and sale and gives the judgment debtor the opportunity to redeem by paying in full the amount for which the decree was rendered, &c., provided he brings suit for redemption within six months after the entry of such judgment against him."

Such a situation made the titles to mortgaged lands purchased under foreclosure sales uncertain and precarious, for under the act of 1880 there was nothing to prevent an action from being commenced and a judgment entered in any one of the counties of this state or in a foreign jurisdiction. Hence, a prospective purchaser might find nothing on record affecting the property in the county where it is situate, and thus such purchaser, though he exercised the greatest diligence and caution, might be led into the purchase of a defeasible title. This is the main evil which the act of 1907 intended to remedy.

Counsel for the plaintiff urges further that since no prospective purchaser is affected by the judgment in this case, and the defendants do not deny the debt that, therefore, the defendants suffer no wrong of which they can complain.

I think a defendant not only suffers a wrong but the public also when a judgment is entered against a defendant contrary to the express mandate of the legislature. The legislature expressly forbids the entry of a judgment in a case like the present, unless a *lis pendens* was filed prior to the bringing of the action. To my mind the statute is mandatory in this respect. As has been pointed out, it declares a public policy for the conservation and protection of the public records relating to the title to lands.

Therefore, the statute being for the protection of the public and not merely for the protection of the defendants, I conclude it cannot be waived by them, and I will grant the motion to strike out the complaint.