## HACKENSACK TRUST CO. v. VOIGT.
### No. 262.

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1935.

Arthur Frank, of New York City (Claude L. Gonnet, of New York City, of counsel), for appellant.

William H. Wurts, of New York City, for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff was the owner of a bond executed by the defendant in New Jersey and secured by a mortgage of real estate located in that state. After the bond and mortgage had matured, the plaintiff instituted a proceeding in the New Jersey Court of Chancery which went to a decree of foreclosure and sale. At the sale, the property was bid in by the plaintiff for the sum of $100; a deficiency of $6,159.32 resulting. To recover this sum, with interest thereon from November 29, 1933, the present action

was begun in the Supreme Court of New York county and was thereafter removed to the District Court because of diversity of citizenship. The defendant's answer to the complaint set forth three defenses based on New Jersey statutes, but the District Judge held the answer insufficient and granted the plaintiff's motion for summary judgment.

The legislation upon which the defendant relies is found in sections 48, 49, 51, and 52 of 3 N. J. Comp. St. 1910, pp. 3421, 3422, 3423. No judgment or decree for a deficiency against the obligor on the bond may be obtained in the foreclosure action, and suit on the bond is permitted only within a limited period after foreclosure of the mortgage. Section 48. The entry of a judgment for the deficiency in a suit on the bond has the effect of opening the foreclosure and sale of the mortgaged premises and gives the judgment debtor the right to redeem the property. Section 49. Before commencing suit on the bond, a written notice of the proposed action must be filed in a public office in the county where the land is located (section 51), and such notice is to be indexed in the same book provided for the record of notices of lis pendens. Section 52. The plaintiff failed to file the notice prescribed by section 51. For this reason the defendant in the first defense set forth in his answer contends that the present action is not maintainable.

■ The question presented is whether the New Jersey statute relating to filing the lis pendens notice in the proper county is only a procedural matter affecting the bondholder's remedy, or is to be read as a term of the bond itself, affecting the holder's substantive rights under his contract. If the former be the correct interpretation, it will not control an action brought in a state other than New Jersey; if the latter, it will. In determining this question, we are to follow the construction which the New Jersey courts have adopted, in so far as they have dealt with the problem. The question was clearly presented in Penna. Co. for Ins. v. Marcus, 89 N. J. Law, 633, 99 A. 405. There it was urged that section 51 (enacted in 1907), if applied to a bond and mortgage executed before its enactment, was an unconstitutional impairment of the obligation of the contract; but the court held the contrary, saying, at page 638 of 89 N. J. Law, 99 A. 405, 407, that "all the act of 1907 does is to introduce a new method of procedure requiring the filing of what is said in Neu

v. Rogge, 88 N. J. Law, 335, 95 A. 632, to be a lis pendens," and distinguishing the case of Baldwin v. Flagg, 43 N. J. Law, 495, which had held unconstitutional as applied to existing contracts the requirement of section 48 as to foreclosing the mortgage before bringing suit on the bond for a deficiency. The interpretation of the statute adopted in the Marcus Case has been very recently reaffirmed in South Broad B. & L. Ass'n v. Brunetto, 112 N. J. Law, 79, 169 A. 870, where it is said that the statute "undertakes to impose a merely procedural condition upon a common-law right of action." See, also, Klorman v. Westcliff Co., 170 A. 251, 12 N. J. Misc. 266. This construction by the New Jersey courts we must adopt. See Burns Mortgage Co. v. Fried, 292 U. S. 487, 54 S. Ct. 813, 78 L. Ed. 1380, 92 A. L. R. 1193. The procedural requirement of a lis pendens notice can have no effect in actions brought in the courts of a state other than New Jersey, nor in the federal courts sitting in such state. The highest court of New York reached the same conclusion in Apfelberg v. Lax, 255 N. Y. 377, 174 N. E. 759. It must be conceded that this result will frustrate pro tanto the purpose of the statute which was "by a public record, to make secure the title to a purchaser of mortgaged lands which had been foreclosed and failed to realize, on sale thereof, the amount secured by the bond and mortgage" (Neu v. Rogge, 88 N. J. Law, 335, 339, 95 A. 632, 633), because the entry of a judgment for the deficiency in a suit in another state will give the judgment debtor the same opportunity to redeem from the foreclosure sale even though no lis pendens notice has been filed (McGlathery v. Dorman, 97 N. J. Eq. 17, 127 A. 40). Nevertheless, since New Jersey has held such notice to be a mere procedural matter, we see no escape from the conclusion already announced. The first ground of defense was rightly held insufficient.

■ The second defense presents the contention that a proper interpretation of the New Jersey statutes leads to the conclusion that they provide a special and peculiar remedy available only in the courts of New Jersey and precluding an action outside the state. The fallacy of this argument must be apparent from what has already been said in discussing the first defense. There is nothing in the New Jersey statutes which expressly or impliedly operates to confine the obligee's remedy upon his bond to the courts of that state. An action on the bond is

transitory and may be pursued in an outside forum. Such was the holding in McGlathery v. Dorman, 97 N. J. Eq. 17, 127 A. 40; Hutchinson v. Ward, 192 N. Y. 375, 85 A. 390, 127 Am. St. Rep. 909; Apfelberg v. Lax, 255 N. Y. 377, 174 N. E. 759.

The final contention is based upon recent emergency legislation of New Jersey and New York. As to the New Jersey statute, it is sufficient to note that it has been authoritatively declared unconstitutional as applied to existing mortgages, such as was the plaintiff's. Vanderbilt v. Brunton Piano Co., 111 N. J. Law, 596, 169 A. 177, 89 A. L. R. 1080. The New York statute (chapter 794, Laws 1933 (Ex. Sess.); chapter 277, Laws 1934) applies only to foreclosures within this state. Porte v. Polachek, 150 Misc. 891, 270 N. Y. S. 807; see, also, N. Y. Life Ins. Co. v. Aitkin, 125 N. Y. 660, 673, 26 N. E. 732.

Accordingly, all three of the defenses set forth in the defendant's answer were insufficient in law, and the summary judgment must be affirmed.