Essex County Circuit Court.

LEONARD G. BROWN, RECEIVER OF ORANGE NATIONAL BANK OF ORANGE, NEW JERSEY, PLAINTIFF, v. RUTH M. ROLLINSON, DEFENDANT.

Decided March 1, 1939.

For the plaintiff, *Edward L. Davis.*

For the defendant, *Alfred J. Grosso.*

SMITH, JOSEPH L., C. C. J. This comes on a motion by the plaintiff for the amendment of a summons issued, by changing the *teste* date appearing thereon, from September 22d, 1938, to September 28th, 1938, and the amendment of the complaint by changing the alleged date of the filing of *lis pendens* from September 23d, 1938, to September 24th, 1938.

The suit is for deficiences on three bonds signed by the defendant, as wife of her deceased husband. The sale of the mortgaged premises was confirmed on August 1st, 1938. The summons on its face, carries the *teste* date of September 22d, 1938, and according to the complaint as filed, the *lis pendens* is alleged to have been filed on September 23d, 1938, that is: one day after the date which the defendant maintains is the date of the commencement of the suit; therefore, it is contended by the defendant, the action is contrary to the provisions of *R. S.* 2:65-6, providing for the filing of *lis pendens* prior to the commencement of the action. The plain-

tiff seeks the amendment of the summons and complaint, offering affidavits showing that although the summons was *tested* as of September 22d, 1938, the suit, in fact, was not commenced until September 28th, 1938. The defendant's contention is that even if the facts were as claimed by the plaintiff, he cannot now amend the complaint and the summons to conform to the facts; that to do so, would be to substitute a new cause of action. With this contention the court cannot agree. The case cited by the defendant, *Louis Csipo, Inc.,* v. *Nagy,* 111 *N. J. L.* 469; 168 *Atl. Rep.* 610, is not in point, for in that case, the original suit having been discontinued, the notice of *lis pendens* which had been filed for that action, was held to have ceased to be of any effect, and powerless to sustain the subsequent action. The case has nothing in common with the point at issue. The plaintiff is not seeking to substitute a new cause of action; rather, he seeks merely to amend what was obviously a mis-statement; by such an amendment, the defendant loses no right whatsoever, for, if the defendant still maintains that the summons was issued in fact, on September 22d and not on September 28th, she may still allege that in her answer as a defense.

The point in issue comes directly under the ruling of the Court of Errors and Appeals in *Mutual Savings Fund Harmonia* v. *Gunne,* 110 *N. J. L.* 41 (at *p.* 43); 164 *Atl. Rep.* 43, Mr. Justice Parker, speaking for the Court of Errors and Appeals, said:

"It is argued that the date inserted in the summons (June 30th) is controlling evidence that suit was begun on that day; but this, we think, may shortly be disposed of. Section 47 of the Practice act of 1903 (*Comp. Stat., p.* 4065) provides in part: 'Every process shall bear date on the day on which the same shall be issued, and the date shall be *prima facie* evidence that it was issued on that day, but such date may be disproved whenever the same shall come in question; if any person shall antedate any process, he shall forfeit $100 to the party aggrieved, and also be liable to him for all damages which he may sustain thereby.' It is intimated in the brief that the true date may be shown only to prevent fraud; but

we do not so read the statute, which is broad enough to cover all forms of mistake, oversight, &c. There is a penalty for antedating, but that is all. See *Morris Canal, &c., Co.* v. *Mitchell*, 31 *N. J. L.* (at *p.* 102). The same rule obtained at common law. *Wambaugh* v. *Schenck*, 2 *Id.* (*Pa.*) \*229; *Allen* v. *Smith*, 12 *Id.* 159, 166. The date may be disproved, but the right to disprove is not limited to any particular party. We see no merit in this point."

It follows then, that the plaintiff having the right to disprove the dates mistakenly stated in the summons, may also show the correct date by amendment.

The motion for amendment will therefore be granted.

An order may be entered accordingly.