CHARLOTTE BURNETT, ADMINISTRATRIX OF HENRY J. BURNETT, DECEASED, v. THE EASTON AND AMBOY RAILROAD COMPANY.

A railroad company is not responsible for injuries received by a person who unsuccessfully attempts to cross the track in advance of a train which he knows is approaching the place of crossing.

On rule to show cause why verdict in favor of the plaintiff should not be set aside.

Argued at November Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, GUMMERE and LUDLOW.

For the plaintiff, *Craig A. Marsh.*

For the defendant, *Robert H. McCarter.*

The opinion of the court was delivered by

GUMMERE, J.   The plaintiff's intestate was killed by being run down by an engine and cars of the defendant company while driving across the latter's tracks at Bound Brook.

The defence set up was absence of negligence on the part of the railroad company or its employes, and contributory negligence on the part of the decedent.

The trial justice, in his charge to the jury, used the following language: " You must determine another question, gen-

tlemen. Assuming him [the decedent] to have stopped, or assuming him to have gone on cautiously, looking both ways, what could he have seen? * * * Now, gentlemen, if he could have seen these cars approaching, and did look and did see them, then, gentlemen, it will be for you to say whether he was prudent in undertaking to cross before the approaching train."

It seems to me that it was error to leave it to the jury to say whether or not the decedent was prudent under the conditions mentioned. The jury should have been told that if the decedent saw the train approaching, and, instead of waiting for it to pass, undertook to cross in advance of it, there could be no recovery against the defendant. As was said by the late Vice Chancellor Van Fleet, in *Blaker's Executors v. Receivers of New Jersey Midland Railway Co.*, 3 Stew. Eq. 240, "a person intending to cross a railroad track is bound to look and listen for an approaching train ; and if he sees or hears a train approaching and then daringly assumes the hazard of attempting to cross in advance of it and fails, he must bear the consequences of his folly."

Mr. Justice Field, in the case of *Railroad Company v. Houston*, 5 Otto 702, which was somewhat similar to that before us, said that a person approaching a railroad crossing was bound to look and to listen, and that if, doing so, " he saw the train coming, and yet undertook to cross the track, instead of waiting for the train to pass, and was injured, the consequences of his mistake and temerity cannot be cast upon the company. No railroad company can be held liable for a failure of experiments of that kind. If one chooses, in such a position, to take risks, he must bear the possible consequences of failure."

A number of cases to the same effect will be found collected in *Patt. Ry. L.*, § 176, in support of the rule laid down by the author that "a person is contributorily negligent who attempts to cross a railway when he sees or hears that a train is moving towards the crossing."

Moreover—irrespective of the question of negligence in

attempting to cross a railroad track in front of a train known to be near at hand—the very moment that it appears that the person injured had knowledge that the train was approaching the crossing, the non-liability of the railroad company for the injury is established. The only ground upon which it can be held responsible is that it failed in the discharge of a duty which it owed to the person injured, namely, the giving him timely warning of the approach of its train, and that, by its failure, it caused the accident which produced the injuries. But if the injured person discovers for himself what the railroad company should have informed him of—that its train was approaching the crossing—it is quite clear that the negligence of the company, in failing to warn him, had no part in the bringing about of the accident.

The rule to show cause should be made absolute, and a new trial granted.