SIDNEY S. SMITH, RESPONDENT, v. CHARLES M. HOPPING, TRUSTEE, APPELLANT.

Submitted March 22, 1915—Decided November 15, 1915.

Where the defendant's answer to a complaint is neither false nor frivolous as to the averments of fact contained in the plaintiff's pleading, it is error to strike it out and render summary judgment for the plaintiff upon a different state of facts from that pleaded in the complaint, disclosed for the first time upon the hearing of the motion to strike out.

On appeal from the Circuit Court.

This was an action for broker's commissions. The complaint, after setting out the written agreement to pay commissions, states the cause of action as follows: "On September 12th, 1912, plaintiff duly sold said premises for defendant to one Charles A. Terrill for said price, and defendant agreed in writing to all the terms of said sale and accepted a payment on account of the purchase price, as appears by the copy of the agreement hereunto annexed."

To this averment the answer of the defendant was as follows: First Defence. That it is not true that the plaintiff sold the premises in question for the defendant, Charles M. Hopping, as trustee, to Charles A. Terrill, for $45,000."

The plaintiff served the following notice: "Take notice, that on the 20th day of June, 1914, at ten o'clock in the forenoon, at the court house in Newark, before the Honorable Frederic Adams, judge of the above-stated court, I shall move to strike out the answer filed in this case upon the ground that the answer is frivolous."

Upon the hearing of this motion, affidavits were read and later a memorandum was filed by the Circuit Court, stating that the motion to strike out the answer and for immediate judgment was granted. Judgment was actually entered on December 24th, 1914.

For the appellant, *Cecil H. MacMahon.*

For the respondent, *G. Rowland Munroe.*

The opinion of the court was delivered by

GARRISON, J.  Upon the motion to strike out the answer the only question was whether it was false or frivolous, *i. e.*, untrue in fact or not responsive to the complaint.  The plaintiff averred in his complaint as the basis of his cause of action, that he had sold the property of the defendant to Charles A. Terrill.  If the fact thus pleaded was untrue, the other averments of the complaint were without significance.  The answer to this essential averment of the complaint was that it was not true that the plaintiff had sold the defendant's property to Charles A. Terrill.

Premising as we must, and as the defendant was bound to do, that this averment of the complaint was of a fact and not of a mere conclusion of the pleader, it is clear that the answer was both responsive to the complaint and strictly true as shown by the affidavits read upon the motion to strike out, which established beyond question the fact that the plaintiff had not sold or tried to sell the defendant's property to Terrill, but, on the contrary, had tried to sell it to a man named Walker.  So that upon the simple issue of fact tendered by the complaint the answer was neither false nor frivolous.  It was struck out not because it was false or frivolous as to the cause of action that appeared upon the record, but because, upon a radically different state of facts disclosed by the affidavits, the plaintiff, in the opinion of the court below, was entitled to a summary judgment.

What was disclosed by the affidavits was that shortly after the defendant had agreed to pay the plaintiff a commission on the sale of his property, the plaintiff introduced him to a man named Walker, who stated that he was considering defendant's property as a site for a hotel, the erection of which was under consideration by parties interested in a corporation not yet formed for whom the purchase was contemplated.  The price demanded by the defendant, viz., $45,000, being

satisfactory to Walker, he suggested that pending the formation of the corporation that was to purchase the property, an agreement to sell should be made to a straw man, who would hold it until the company was formed and then assign it to the real purchasers. In execution of this arrangement such an agreement was drawn up and signed, the name of the "straw man" being Charles A. Terrill. It was the understanding of all parties that Terrill was a mere conduit, without financial ability or interest in the transaction. The plaintiff took no part in this transaction, although he was cognizant of the facts.

When, therefore, the plaintiff averred as a fact that he had sold the defendant's property to Charles A. Terrill and the defendant answered that it was not true, if either pleading was at fault it was the plaintiff's and not the defendant's, and if either was untrue it was the complaint and not the answer; for if the complaint was in any sense true it was only so because of a legal conclusion drawn by the pleader from undisclosed facts, which is bad pleading that will not be imputed to a complaint that apparently makes a direct averment of a matter of fact. It is only by condoning the plaintiff's error in pleading, and then condemning the defendant for properly treating it as good, that the answer can be stricken from the record. Such a course is forbidden by the fundamental principle of estoppel, for the plaintiff by the presumed compliance of his complaint with the rules of correct pleading induced an answer that was both true and responsive, and hence cannot be permitted to strike it out on the ground that the complaint did not in reality comply with the rules of correct pleading. In such a case the first fault is with the plaintiff's pleading; if he is dissatisfied with the issue he has thus tendered, his remedy is not to strike out the answer but to amend his complaint.

The same result is required by the fundamental rule that a judgment is the determination of law upon the matters contained in the record, which is not the case if a judgment for one cause of action be rendered upon a complaint that sets up a different cause of action. Such a judgment would

be like decreeing a divorce upon *ex parte* affidavits showing desertion when the petition charged the adultery of the defendant.

In the present cause the defendant's answer, which was unexceptionable under the rules of correct pleading, was struck out and a summary judgment entered against him upon a state of facts which, if it existed at all in the mind of the plaintiff, was in nowise disclosed by his pleading. Such a judgment is not a determination of law upon the matters contained in the record but upon matters entirely *de hors* the record. The fundamental error was in striking out the defendant's answer on the strength of the new state of facts developed upon the hearing of the motion, which should have led not to the striking out of the answer but to a grant of permission to the plaintiff to amend his complaint if he desired to obtain the judgment of the law upon such new state of facts. As long as the present averment of the complaint stands, the answer cannot be struck out as irresponsive or untrue whatever may be the merits of the new cause of action disclosed by the affidavits, which presenting, as they do, questions of law both nice and difficult, and involving matters of fact that may require for their settlement the verdict of a jury, cannot properly be made the basis of a judgment until the record has been so amended as to present them or at least to admit of their presentation.

Whether the plaintiff will so amend his complaint as to aver the facts on which such new cause of action arises, or will elect to stand on the averment of his original complaint and be confined to the cause of action thus set forth, is for him to determine. All that we now decide is that it was error to strike out the answer, which decision carries with it the reversal of the summary judgment, for with the restoration of the answer to the record there is an open issue thereon in the face of which no judgment, summary or otherwise, can stand. The case is thus placed back in the position it was in when the motion to strike out was made, and from that point its course must be largely determined, as already indicated, by the line of conduct decided upon by the plaintiff.

To this end the order striking out the answer is vacated, the summary judgment reversed and the cause remitted to the court below to be proceeded with according to law.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 15.