THE PENNSYLVANIA COMPANY FOR INSURANCE OF LIVES ET AL., RESPONDENTS, v. ANDREW MARCUS, APPELLANT.

Argued June 30, 1916—Decided November 20, 1916.

A statute prohibited the entry of a judgment on any bond where a mortgage has or may be given for the same debt, unless, prior to the entry, there shall be filed with the clerk or register of the county in which the mortgaged premises are located, a written notice of the proposed judgment setting forth the court in which it is proposed to enter the judgment, with the place of record of the mortgage and a description of the mortgaged premises. *Held*, that the statute is not unconstitutional when applied to bonds existing before its approval, for it does not impair the obligations of contracts or deprive the holder of any remedy which existed when the contract was made, in violation of the constitution of this state, for it relates to a method of procedure, and does not curtail or restrict a remedy in derogation of the terms of the contract.

---

On appeal from the Supreme Court, whose opinion is reported in 88 *N. J. L.* 37.

For the respondent, *Lewis Starr.*

For the appellant, *Clarence L. Cole.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff entered a judgment by confession against the defendant as authorized by the terms of a warrant of attorney annexed to a bond, the payment of which

was secured by a mortgage on lands. When the defendant discovered this he applied for, and was allowed, a rule to show cause why the judgment should not be opened and set aside, because the notice required to be filed, by an act entitled "Supplement to an act entitled 'An act concerning proceedings on bonds and mortgages given for the same indebtedness and the forclosure and sale of mortgaged premises thereunder,' approved March twelfth, one thousand eight hundred and eighty" (*Pamph. L.* 1907, *p.* 563), did not state in what court it was intended to enter judgment.

The Supreme Court discharged the rule and the defendant appeals, as he is entitled to in a proceeding of this character. *Knight* v. *Cape May Sand Co.,* 83 *N. J. L.* 597. It is admitted that while a notice was filed, it did not comply with the act of 1907 above mentioned, in that it did not state the name of the court in which it was intended to enter judgment. The Supreme Court decided that the notice was fatally defective, but being of opinion that the act did not apply to bonds given prior to its approval, discharged the rule, and the only question argued here was the legal correctness of this result.

The view of the Supreme Court was that the statute of 1907 imposed upon the plaintiff an additional burden in the enforcement of his bond, and to that extent deprived him of a less burdensome remedy existing at the time the contract was made.

In support of this result, the Supreme Court cited a number of cases, viz., *Bradley* v. *Lightcap,* 195 *U. S.* 1, where the subsequent statute affected the right of redemption; *Walker* v. *Whitehead,* 83 *Id.* 314, in which the subsequent statute made it unlawful for the plaintiff to have a judgment, unless "he has made it clearly to appear before the tribunal trying the same that all legal taxes chargeable by law upon the same have been duly paid for each year since the making or implying of said debt or contract." In this case the court said, "The states may change the remedy providing that no substantial right secured by the contract is impaired * * * it must be left with the same force and

effect, including the substantial means of enforcement which existed when it was made," and it was decided that the purpose of the act was not to collect back taxes as a means of purgation, but to bar the debt and discharge the debtor. The Supreme Court also relies upon *Wilkinson* v. *Rutherford*, 49 *N. J. L.* 241, which simply applies the rule laid down in *Baldwin* v. *Flagg*, 43 *Id.* 495, and *Morris* v. *Carter*, 46 *Id.* 260, where it was held that the rule adopted in Baldwin *v.* Flagg was applicable to a suit on a bond secured by a mortgage given before the act was passed.

Neither of these cases is applicable to the present question.

The case of *Baldwin* v. *Flagg*, *supra*, is perhaps the one upon which the Supreme Court, and the respondent on the argument, most rely, but we think it is clearly distinguishable from the case under review, and in order to show this it will be necessary to refer briefly to the legislation relating to this question. In 1880 (*Pamph. L., p.* 255) the legislature provided—*first*, that there should be no decree in foreclosure proceedings for any balance of money above the proceeds of the sale of the mortgaged property, *i. e.*, there should be no decree for a deficiency in proceedings to foreclose a mortgage, as theretofore had been the practice; *second*, that in all cases where a bond and mortgage had been, or might thereafter be, given for the same debt, it should be lawful to first foreclose the mortgage and in case of a deficiency to proceed on the bond; *third*, that if, after the foreclosure, the person who was entitled to the debt should recover a judgment on the bond for any balance, such recovery should open the foreclosure sale, and give the owner of the property the right to redeem by paying the full amount of the decree; provided the suit for redemption be brought within six months after the entry of such judgment.

In 1881, sections 2 and 3 of this statute were amended, section 2 by requiring the first proceeding to collect such a debt to be commenced by a foreclosure of the mortgage, instead of making it lawful as in the act of 1880, and adding that all suits on such bonds for deficiency should be brought within six months of the foreclosure sale; the amendment

of section 3, giving to the person against whom the judgment was recovered the right to redeem, instead of limiting it to the owner as theretofore.

The supposed evil which this statute was intended to cure, arose out of the fact that many persons after giving a bond and mortgage would sell the property, subject to the mortgage, and on its foreclosure have no notice thereof, and thus no opportunity to protect himself by redemption of the property, by purchase or otherwise, and would be compelled to pay a deficiency, although the mortgaged premises might in fact have a market value greater than the debt, or at least the obligor in the bond might be willing to take the property for the debt. The remedy given was that if the holder of the bond undertook to enforce it for a deficiency, he must do so within six months after the sale, and if he recovered a judgment thereon the effect was to open the sale and to permit the person against whom the judgment was entered to redeem. He might, perhaps, have no notice of the foreclosure proceedings, but he would have notice of the suit against him with an opportunity to redeem if he desired.

In 1907 (*Pamph. L., p.* 563) the legislature passed a supplement to the act of 1880, as amended in 1881, and in it provided that, "No judgment shall be entered by confession on any bond where a mortgage has, or may hereafter be, given for the same debt, or in any action on said bond, unless prior to the entry of such judgment, if the same shall be by confession, or prior to the beginning of such action, if the proceedings be by action, there shall be filed in the office of the clerk of Common Pleas, except in counties where there is a register of deeds and mortgages, then in the office of the register of deeds and mortgages, of the county in which the lands described in the mortgage given with such bonds are situate, a written notice of the proposed judgment or action setting forth the court in which it is proposed to enter such judgment, or begin such action, the names of the parties to such bond and to such judgment or action, the book and page of the record of the said mortgage, together with a description of the lands or real estate described therein." The purpose

of this act is manifestly to give notice to parties interested of the intention to enter a judgment, or of the bringing of an action which, if pursued to judgment, would open the foreclosure sale, of which the purchaser at the foreclosure sale, or the obligor, if the judgment was entered by confession, would have no other notice. As the bond and mortgage in the present case were given long after the act of 1881, the holder is subject to all the provisions of that act, that is, he must first foreclose his mortgage, and if he enters a judgment on the bond for any deficiency, the foreclosure sale will be opened and the obligor permitted to redeem. The only additional burden imposed by the act of 1907 is that before entering judgment on the bond and warrant, or commencing an action thereon, the plaintiff, prior to the entry of such judgment or commencing his action, shall file with the clerk of Common Pleas or register of deeds of the county in which the land is located, the written notice above set out.

In the case of *Baldwin* v. *Flagg, supra,* it was held that because the act of 1881 "enlarges the time for the payment of the money secured by the bond beyond the period named in it for payment, and postpones the default of the obligor until the remedy of the collateral security of the mortgage is exhausted," it did not apply to a bond executed prior to the approval of the act, for it not only postponed "the obligee's remedy on his bond until the foreclosure proceedings are terminated, but has also impaired the value of the mortgaged security by subjecting the purchaser's title to conditions of redemption after sale, which must diminish the vendible value of the mortgaged premises."

Thus it appears that the act of 1881 is not one of procedure but one that related to the obligee's remedy. Before that act he was not bound to first foreclose his mortgage, and the legislation necessarily postponed the date when it could be enforced according to its terms. No such condition is created by the act of 1907.

The obligee in the present case is subject to all the requirements of the act of 1881, as his bond was executed in 1905, and the only question here is whether his remedy is illegally

altered because he is required by the act of 1907 to file a notice before entering a judgment on his bond.

We are of opinion that the required notice is a matter of procedure, imposing no new burdens or restrictions which materially impair the value and benefit of the bond, for it does not modify the nature or extent of the remedy any more than would a statute requiring suit to be commenced by serving a complaint containing a copy of the bond, instead of by summons without such a copy, or the filing of a *lis pendens* before commencing an action.

The right to enter a judgment is not taken away or postponed, and the due day of the bond is not extended nor the value of any security given by the contract affected, as was the situation in Baldwin *v.* Flagg. The obligee has all the remedies he was entitled to when the bond was executed, and there is no new limitation or curtailment of his remedy; all the act of 1907 does is to introduce a new method of procedure requiring the filing of what is said in *Neu* v. *Rogge*, 88 *N. J. L.* 335, to be a *lis pendens*. Legislation which merely requires the filing of a preliminary notice of this character in a remedial proceeding for the enforcement of a contract existing when the statute was passed, does not impose a burden or restriction impairing the value or benefit of such a contract.

We are entirely satisfied that the statute of 1907 above mentioned, which only requires the filing of a prescribed notice as a prerequisite to the entry of a judgment by confession, does not impair the obligation of contracts or deprive "a party of any remedy for enforcing a contract which existed when the contract was made," as prohibited by article 4, section 7 of the constitution of this state, and is therefore applicable to contracts existing when it was adopted.

The judgment appealed from will be reversed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, WHITE, JJ. 3.

*For reversal*—THE CHANCELLOR, SWAYZE, BERGEN, MINTURN, HEPPENHEIMER, GARDNER, JJ. 6.