The bill was filed for a deficiency on the sale of real estate under a bond and mortgage given by Meano. Harper was made a defendant because he subsequently became the purchaser of the mortgaged premises and in the deed undertook and assumed the payment of the mortgage.
The defenses were that the covenant was without consideration, and that as part of the transaction Harper's grantor had assumed and agreed to pay certain other mortgages on properties entering in by way of exchange for the mortgaged premises, and that on the facts no liability attached to Harper. A decree in accordance with the prayer of the bill was entered against both defendants. From the decree, Harper appeals.
The law of the case is settled by the decision of this court inGreen v. Stone, 54 N.J. Eq. 387. It was there declared in the syllabus, which accurately reflects the opinion, that —
"A stipulation in a deed inter partes, that the grantee will assume and pay a debt secured by a mortgage on the premises, for the payment of which the grantor is personally liable, is a contract by the grantee with the grantor for the indemnity of the latter, and the obligation of the grantee to pay the mortgage debt inures in equity for the benefit of the *Page 212 
mortgagee, and he may enforce it against the grantee to the extent of the unpaid part of the mortgage debt, after the proceeds of the mortgaged estate have been applied thereon."
With the findings of the vice-chancellor on the issues of fact the appellant has no just ground of complaint. These findings were amply justified by the proofs. The decree was therefore properly rendered for the deficiency against both defendants, and is affirmed.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.
For reversal — None.