GRAND INVESTMENT COMPANY, INCORPORATED, A COR-
PORATION OF NEW JERSEY, PLAINTIFF, v. DAVID
GROSS, CHARLES GROSS, JOSEPH GROSS AND LOUIS
KORN, SEVERALLY, DEFENDANTS.

Decided September 24, 1931.

For the plaintiff, *William Boorstein.*

For the defendants David Gross and Charles Gross, *Leven-son, Comen & Levenson.*

ACKERSON, S. C. C. This is the second time this matter has been before me. On the first occasion the motion was to strike out the answer of the defendants David Gross and Charles Gross, and parts thereof were stricken out with leave given to amend. The present motion is to strike out the amended answer of the same two defendants upon various grounds.

After reading the answer and affidavits I have reached the conclusion that paragraph one of David Gross' answer to the first count of the complaint should be stricken out as sham.

The balance of his answer entitled "by way of separate and distinct defenses to the first count, defendant David Gross says:" should be stricken out because of duplicity in pleading as it is attempted to set up the defense of usury and fraud together as part of a single defense without attempting to state them separately and under separate headings as required by rule 57 of the Supreme Court. In pleading several defenses each one should be headed with the words "separate defense" and several defenses should not be incorporated under one such heading. Furthermore, paragraphs one and four regarding usury are not properly pleaded under the rule

laid down by·the case of *Kase* v. *Bennett, 54 N. J. Eq. 97.* The pleading should allege a corrupt agreement with intent to avoid the statute of usury. I called attention to this in my last memorandum, and it seems not to be enough to allege· that a bonus was paid; there must be the further allegation that in charging the added amount there was an intent to· disregard the statute.

That part of Charles Gross' answer to the third count entitled "by way of separate and distinct defenses to the third count, defendant Charles Gross says :" will also be stricken out because of duplicity as this defense attempts to set up· forgery and usury under a single count, contrary to rule 57 of the Supreme Court.

Paragraph two under this same count deals with the charge of usury but it is improperly pleaded for the reasons already indicated.

The answer of David Gross to the third count of the complaint is but a repetition of the so-called "second defense" of Charles Gross in answer to the third count and should be stricken out for the reasons already stated in considering Charles Gross' answer to said count.

Ordinarily after two attempts to set up defenses to a complaint, I would not allow further opportunity to amend;. but charges of fraud and forgery are serious and I do not feel. that these defendants should be put out of court upon a technicality of pleading. Leave will therefore be given for these defendants to file an amended answer properly setting forth the defenses of fraud and forgery, if it is so desired, and although the defense of usury is not looked upon favorably, nevertheless where it is improperly pleaded, courts ordinarily allow an amendment as I did in the first instance. Since the answer may be amended, the amendment may therefore include the defense of usury, but I must admonish counsel to read the cases regarding the pleading and especially the case herein above cited in order there may be no failure in conforming with the rules for pleading on the next attempt. Any amendments of the answer, however, must be filed within ten days from September 21st, 1931.