The bill is to foreclose a mortgage given to secure the mortgagor's bond. The mortgagor has parted with the title to the mortgaged property. He is made a party defendant because of the mandate of the 1932 act (P.L. p. 509) to sound the tocsin, that he may be held liable on his bond in a suit at law if deficiency ensues. The obligor pleads that he has been discharged of his debts by a decree of the bankruptcy court. The motion is to strike the answer.
Mortgage foreclosure is in rem. No personal recovery is sought. The mortgage debt is unsatisfied though personal liability of the bondsman is no more. The complainant is entitled to a decree.
The discharge in bankruptcy is interposed upon the theory that if not here pleaded the obligor would be concluded should he be sued on the bond. That is a misapprehension. All legal defenses to liability on the bond, except as to amount, are available at law. The obligor may plead his discharge in defense at law. The remedy at law is entirely adequate. The distinction between the availability of a legal and equitable defense to the bond in a bill to foreclose the mortgage given to secure the bond is pointed out in Usbe Building and Loan Assn. v. Ocean PierRealty Corp., 112 N.J. Eq. 580.
The motion will prevail. *Page 586