THE PILGRIM BUILDING AND LOAN ASSOCIATION, complainant-appellant,

*v.*

HELENE J. McGUINNESS et al., defendants-respondents.

[Submitted October 26th, 1934.   Decided January 10th, 1935.]

*Messrs. Ward & Kremer,* for the complainant-appellant.

*Mr. George H. Rosenstein,* for the defendant-respondent.

The opinion of the court was delivered by

DONGES, J.

This appeal brings up a decree of the court of chancery dismissing the bill of complaint as to the defendant Helene J. McGuinness and assessing a counsel fee and costs on complainant.

The bill is for the foreclosure of a mortgage made by Patrick J. McGuinness and Helen J. McGuinness to the complainant, on which there was a balance due and which was in default.   Patrick and Helen J. McGuinness, his wife, were tenants by the entireties of the property pledged to secure the bond, which both signed.   Patrick J. McGuinness died about June 7th, 1930, after having in January, 1926, conveyed with his wife an undivided one-half interest to Delnegro and wife.   Patrick J. McGuinness left him surviving his widow and one daughter, Helene J. McGuinness, the

respondent. Letters of administration were duly granted to Federal Trust Company. The widow, the· daughter, this respondent, and Federal Trust Company were all made parties to the suit. The estate apparently was settled and Helene J. McGuinness received her share of the personalty and real estate and gave her release and refunding bond, which were duly filed.

There is a single question in this case and that is whether Helene J. McGuinness is a necessary or proper party. The vice-chancellor who advised the order held that she was neither and found that she was not liable on the bond for any deficiency, and dismissed the bill as to her.

We think this was error. Under the act of 1932 (*P. L. 1932 p. 409*), is provided that where a bond and mortgage have been given for the same debt "no action shall be instituted against any party answerable on the bond unless such party is joined in the proceedings to foreclose the said mortgage." For a debt of a decedent, and the bond is evidence of an indebtedness and the mortgage merely security for the debt, the heirs and devisees are liable for any judgment to the extent that land of the decedent comes into their possession. And this regardless of the administration of the estate or any decree barring creditors. *Stone* v. *Todd, 49 N. J. Law 274; Newark Lime, &c., Co.* v. *Harrington, 62 N. J. Law 632.*

If there is a deficiency in the foreclosure proceeding, suit may be begun against the heirs and devisees of the obligor on the bond; and if force and effect are to be given to the provisions of the act of 1932 that such suit may not be brought against any party answerable on the bond unless such party is joined, it seems that Helene J. McGuinness is certainly a proper party, and a necessary party if further proceedings are to be taken. Otherwise there would be no way of recovering any deficiency on the bond of Patrick McGuinness. It is asserted that the fact that Helene McGuinness took no interest in the property, which was owned by her father and mother as tenants by the entireties, makes her a stranger to the foreclosure proceeding, but this is beside the question. The same thing might be said if Patrick was alive and he and his wife,

before the default and foreclosure proceeding, had parted with their title ·and interest. It might be said that he had no further interest in the mortgaged premises, having aliened them, but they would, none the less under the 1932 act, be necessary parties if there was any intention to pursue the bond, in the event of a deficiency. To the extent that she took lands of Patrick, Helene J. McGuinness stands in the shoes of Patrick (*Ministers, &c., of St. Mary* v. *Wallace, 10 N. J. Law* *311; *Haines* v. *Haines, 69 N. J. Law 39,* and therefore was not only a proper party, but by the act of 1932, the validity of which is not here questioned, was a necessary party if further proceedings to collect are to be taken.

These views are supported by the reasoning of Judge Oliphant in *Reinhardt* v. *Calhoun, 9 N. J. Mis. R. 914,* affirmed in this court, *109 N. J. Law 580.*

The decree appealed from is reversed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, PERSKIE, VAN BUSKIRK, WELLS, JJ. 5.

*For reversal*—PARKER, LLOYD, CASE, DONGES, HEHER, KAYS, HETFIELD, DEAR, JJ. 8.