This bill is brought to impress a lien on premises described in the bill of complaint for the amount of a deficiency arising upon the sale by the sheriff of certain mortgaged premises.
On February 28th, 1910, George W. Wardell, being indebted to William J. Asher in the sum of $15,000, executed to him a purchase-money mortgage covering premises in Newark and, as further security, a chattel mortgage covering certain chattels.
On October 9th, 1912, Asher assigned the bond and mortgage to George J. Stoner who, on October 15th, 1912, assigned the same to the complainant, Nellie E. Asher. *Page 2 
The mortgage was foreclosed and a final decree entered May 2d 1939, for the sum of $10,400 principal and interest, together with costs taxed in the sum of $383.24.
The sheriff on August 2d 1939, sold the real estate and chattels mentioned to the complainant, she bidding $100 — the sum of $50 for real estate and $50 for the chattels. The sale was confirmed by order of the court on August 14th, 1939.
George W. Wardell died October 23d 1922, seized of other premises situated in Monmouth Beach, Monmouth county, this state, which by his last will and testament he devised to his wife, Sara B. Wardell. Sara B. Wardell died July 30th, 1936, seized of these premises and by her will, duly probated, devised said premises to her daughter, Vivian Wardell Hart, "for her use so long as she shall live, with the right to use the income from the said property at all times for her comfortable support and with the right at any time to sell the said property, or any part thereof, and to invest the proceeds from such sale and to use the income from such investment, together with so much of the principal as she may need for her comfortable support, and upon her death, the property aforementioned, if she has not sold the same, to go to such of her children as survive her, and the legal representatives of any child or children as may predecease her, equally, and the proceeds from the property, if she shall have sold it during her lifetime, remaining at the time of her death shall be divided among her children surviving her, and the legal representatives of any child or children as shall have predeceased her, share and share alike."
Vivian Wardell Hart has three children, all minors, namely, Norman Wardell Hart, Gerald Weston Hart and Frances Vivian Hart. Stanley Hart is the husband of Vivian Wardell Hart. All are named as defendants in this bill of complaint.
Complainant relies upon section 81 of the Orphans Court act of 1898 (P.L. 1898 p. 743, now R.S. 3:25-21), contending that she is entitled to a lien upon the lands of the defendants located in Monmouth county because of an alleged debt due to the deficiency arising out of the aforementioned foreclosure of mortgage. It is admitted that no action at law has *Page 3 
ever been instituted upon the bond to establish this deficiency and that no claim for this deficiency has ever been filed with the personal representative of the deceased, George W. Wardell, or his successors. None of the defendants herein were made parties to the foreclosure proceedings with the exception of Vivian Wardell Hart.
In Kenny v. Trowbridge, 124 N.J. Eq. 504; 2 Atl. Rep.
2d 655, a bill was filed by a creditor of a deceased debtor to impress a lien upon real estate of which the debtor died seized. There a claim for the debt had been filed with the decedent's administrator who neither admitted the claim to be valid nor rejected the same. Vice-Chancellor Berry held that the Court of Chancery was without jurisdiction to sustain the bill of complaint until the debt was first determined to be valid and that the validity of the debt could only be established either by the acceptance of the claim by the administrator or by the judgment of a court of law.
What complainant is attempting to do in the instant case is to hold the defendants liable on the bond of the decedent for an alleged deficiency which has never been established or determined. The defendants, who are devisees of the deceased mortgage debtor, are sought to be held liable for the deficiency arising by virtue of the mortgage foreclosure where admittedly they have not been joined as parties defendant in the foreclosure proceedings.
Complainant contends that the effect of the foreclosure was to "judicially adjudicate the obligation on the bond and the amount of the deficiency." This is an erroneous conception since by the provisions of our statute R.S. 2:65-1 it is provided that no decree shall be rendered in any foreclosure proceeding to determine the amount of any deficiency.
Vivian Wardell Hart only was made a party to the foreclosure proceedings, and while she is bound by the proceedings and the finding therein as to the amount of the mortgage debt and the sum raised through the sale of the mortgaged premises, this court did not and could not enter a decree for the amount of such deficiency, and such proceedings do not constitute an adjudication — as claimed by complainant *Page 4 
— of the alleged debt even as to her. R.S. 2:65-1. In so far as the minor defendants in this action are concerned (none of whom were parties to the foreclosure proceedings), they are not in any way bound by the decree entered in that proceeding. R.S.2:65-2. That they were necessary and proper parties cannot be questioned (Pilgrim Building and Loan Association v.McGuinness, 117 N.J. Eq. 438; 176 Atl. Rep. 604), if a further proceeding for a deficiency was to be instituted against them.
The bill of complaint is dismissed.